# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 27, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2426-CR**

Cir. Ct. No. 2022CF7

STATE OF WISCONSIN

# IN COURT OF APPEALS
# DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

NATHAN J. WHITE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County: GERAD T. DOUGVILLO, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Nathan J. White appeals from a judgment of conviction for one count of possession of 5-15 grams of cocaine with intent to deliver and an order denying postconviction relief. White seeks sentence modification, asserting that the circuit court erroneously exercised its sentencing discretion by imposing a consecutive rather than concurrent sentence and deeming him ineligible for the Substance Abuse Program (SAP). White also contends that he has demonstrated a new factor warranting sentence modification because he was removed from the SAP waitlist for a prior sentence based on his SAP ineligibility in this case. Because we conclude that the court did not erroneously exercise its sentencing discretion and that White's eligibility for the SAP on a prior sentence does not constitute a new factor, we affirm.

## BACKGROUND

¶2 In 2021, while White was on supervision for prior drug and firearm offenses, a police search of White's residence following a firearms complaint yielded the discovery of substantial quantities of cocaine and marijuana, as well as drug paraphernalia and a firearm magazine. White was charged with three counts: (1) possession with intent to deliver cocaine, 15 to 40 grams; (2) possession of THC, second and subsequent offense; and (3) possession of drug paraphernalia. White entered a guilty plea to the first count as amended and the other counts were dismissed. As part of the plea bargain, the State agreed to not make a specific sentencing recommendation. The Presentence Investigation (PSI) report writer recommended "3 to 4 years of initial confinement [and] 2 to 3 years of extended supervision, concurrent to any other sentence."

¶3 In its sentencing argument, the State referenced as an aggravating factor White's extensive criminal history, including prior convictions involving

2

firearms and drug dealing. In a lengthy statement to the circuit court, White said that he "ma[d]e no excuses for [his] poor decisions or behaviors," understood that prison time was warranted, and apologized to the community.

¶4      The circuit court stated it was considering "the gravity of the offense, the character of the offender and the need to protect the public"—the factors that *State v. Gallion*, 2004 WI 42, ¶¶27, 40-44, 270 Wis. 2d 535, 678 N.W.2d 197, requires it to consider. In that regard, the court discussed White's criminal history and character and noted that White had already received "a substantial amount of treatment and programming" which had not been successful in preventing him from committing further crimes. The court, however, did recognize that White took responsibility by entering a plea and apologizing to the court and the community. White was sentenced to four years of initial confinement and three years of extended supervision. The court denied White's request to make this sentence concurrent to a sentence he was currently serving, stating:

> These are separate acts that deserve a separate punishment. Nobody gets a discount for committing crimes in bulk or having them in short succession. So that is not going to be granted. Therefore, there is going to be no credit afforded on this case. And again, this is to be consecutive to any other time being served.

The court also ordered that, "given the prior programming that's been afforded to Mr. White," he was not eligible for the SAP.

¶5      White filed a postconviction motion for sentence modification, alleging that the circuit court erroneously exercised its discretion by refusing to make his sentence concurrent and by not making him eligible for the SAP. White also asserted that a "new factor" was present because the ineligibility for the SAP caused him to be removed from the Earned Release Program he was participating

3

in for his prior sentence; this removal, White asserts, was "the effective canceling of his" SAP eligibility. The court, explaining that dissatisfaction with a sentence is not enough to support modification and that it had imposed a consecutive sentence and no SAP eligibility due to White's history of reoffending, denied the motion. White appeals.

## STANDARD OF REVIEW

¶6    The question before this court as to whether a defendant's postconviction motion alleges sufficient facts that would entitle him or her to relief is one that we review independently. *State v. Sulla*, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659. If the motion fails to raise sufficient facts, presents only conclusory allegations, or if the record below conclusively shows the defendant is not entitled to relief, the circuit court has the discretion to deny an evidentiary hearing; that is a decision that we review under an erroneous exercise of discretion standard. *Id.*

¶7    Sentencing decisions made by a circuit court—including whether a sentence is to be served concurrently or consecutively and whether a defendant is to be deemed SAP-eligible—are also reviewed for an erroneous exercise of discretion. *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971); *State v. Douglas*, 2013 WI App 52, ¶20, 347 Wis. 2d 407, 830 N.W.2d 126. The defendant has the "heavy burden" of proving, by clear and convincing evidence, that there was an erroneous exercise of discretion. *State v. Harris*, 2010 WI 79, ¶¶30-31, 34, 326 Wis. 2d 685, 786 N.W.2d 409.

¶8    Finally, whether a defendant has presented facts that constitute a new factor with respect to sentence modification is also a question of law that is reviewed independently. *State v. Harbor*, 2011 WI 28, ¶33, 333 Wis. 2d 53, 797 N.W.2d

828. Whether the new factor warrants sentence modification is a discretionary decision made by the circuit court that we also review under an erroneous exercise of discretion standard. *Id*.

## DISCUSSION

¶9 On appeal, White renews his arguments that the circuit court erroneously exercised its discretion in multiple ways: by imposing an unduly harsh consecutive sentence, by imposing a consecutive sentence pursuant to a mechanistic or preconceived policy, by denying him eligibility for the SAP, and by issuing a perfunctory denial of his postconviction motion without affording it due deliberation. White further asserts that a new factor (his removal from the SAP waitlist on his prior sentence) warrants sentence modification in this case. We disagree in all respects.

¶10 The mere fact that a circuit court imposed a longer period of initial confinement or a consecutive rather than concurrent sentence rather than what was recommended by the Department of Corrections (DOC) in its PSI report does not, in and of itself, constitute an erroneous exercise of discretion. A court is free, after consideration of the report, to accept or reject the recommendations contained therein. *State v. Brown*, 2006 WI 131, ¶24, 298 Wis. 2d 37, 725 N.W.2d 262 ("In the context of a formal sentencing hearing, a sentencing court is not required to give any particular level of deference to the DOC's sentencing recommendations, which are included in [PSI] reports.") A court has broad authority to exercise its sentencing discretion based upon a consideration of the *Gallion* factors. *State v. Spears*, 227 Wis. 2d 495, 506-07, 596 N.W.2d 375 (1999).

¶11 White's assertion that the imposition of a consecutive sentence was done via a "mechanistic approach" or "preconceived policy," as barred by *State v.*

5

*Martin*, 100 Wis. 2d 326, 327, 302 N.W.2d 58 (Ct. App. 1981), is unsupported by the Record. It wholly rests upon the circuit court's statement that "[n]obody gets a discount for committing crimes in bulk or having them in short succession." That statement, contrary to White's assertions, actually shows that the court was individualizing the sentence and tailoring it to White's conduct in this case, basing it upon his past criminal record, his past attempts in rehabilitative programs, and his expressed remorse and cooperation. The court looked to all of those factors and explained that nobody—not White or anyone else—gets a blanket ruling; rather, everyone is sentenced for what they did, what they have done in the past, and how they have moved forward. This was not mechanistic. It was a statement that each person is sentenced individually.

¶12 Likewise, White has also failed to meet his heavy burden to show that deeming him SAP-ineligible was an erroneous exercise of discretion. The circuit court was clear and rational in its explanation of why the SAP was not appropriate for White due to his prior participation in such programming and that once released from incarceration (actually with early release due to that participation), he jumped right back into using, possessing, and dealing cocaine.

¶13 It is within a circuit court's discretion to determine the weight to be given to relevant factors when imposing a sentence. *State v. Odom*, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695. Thus, so long as the court listened to the State, the defense attorney, the defendant, and considered all reports and letters submitted, it is the court's prerogative to determine which person, entity, report, or letter to give the greatest weight when balancing the appropriate *Gallion* factors. The court, here, did precisely that. It referenced all of the information and statements it had heard and after placing all the information on a scale, made a pronouncement of how White's conduct, history, and danger to the community

resulted in the sentence imposed. Because the court considered the facts of record and reasoned its way to a rational, legally sound conclusion, we conclude the decisions to impose a consecutive sentence and to deny SAP eligibility were not erroneous exercises of discretion. *See **State v. Jeske***, 197 Wis. 2d 905, 912, 541 N.W.2d 225 (Ct. App. 1995).

¶14 White also contends that the order denying his postconviction motion "appears totally perfunctory" and fails to address the issues he raised. That is inaccurate; the circuit court indicated that it had reviewed White's request for SAP eligibility and was denying it because "it would undermine the punish[ment] aspect of this sentence and unduly depreciate the seriousness of the offense," and that White had previously participated in early release programming but still "continued to re-offend." The court adequately set forth its reasons for denying the postconviction motion, even if White wishes it would have done more.

¶15 In its denial order, the circuit court also reiterated its basis for imposing a consecutive sentence and found "no good reason to revisit this issue." It outlined and reinforced its prior rulings and explained that the motion failed to raise new issues which would have warranted a hearing. The order provided discrete and detailed reasons for the court's decisions. *See **McCleary***, 49 Wis. 2d at 277. Nothing more is required.

¶16 Finally, we agree with the circuit court that White has not demonstrated that a new factor exists for purposes of sentence modification. ***State v. Noll***, 2002 WI App 273, ¶11, 258 Wis. 2d 573, 653 N.W.2d 895. A new factor is a fact that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in

existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Harbor*, 333 Wis. 2d 53, ¶40 (citation omitted).

¶17 This court has previously held that the denial of eligibility for prison programming (such as the SAP) is not a new factor. *See State v. Schladweiler*, 2009 WI App 177, ¶15, 322 Wis. 2d 642, 777 N.W.2d 114, *abrogated on other grounds*, *Harbor*, 333 Wis. 2d 53, ¶¶47-48 & n.11. A circuit court's participation in the staffing of prison programming is limited and consists only of the first step: the declaration that a defendant is either eligible or ineligible. After that, the DOC jumps in and takes over. The DOC determines—based on its own tests and analysis as well as on program placement availability—not only whether an inmate is placed in programming, but when that will happen. *Schladweiler*, 322 Wis. 2d 642, ¶10 ("[I]t is not the sentencing court's function to classify an inmate to a particular institution or program; this authority lies solely with the DOC.").

¶18 Moreover, the facts of this case contradict White's assertion that his ability to participate in the SAP on a prior sentence was highly relevant to his sentence in this case. To the contrary, the circuit court explicitly wanted to prevent White from participating in such programing. The court made efforts to apprise itself of the circumstances of White's revocation sentence for possession of a firearm and drug charges before imposing the sentence in this case. For the reasons explained above, the court concluded a consecutive sentence was appropriate, without any reference to White's SAP eligibility in the revocation case. It was White's previous failed treatment programming, not his eligibility for treatment programming in the revocation sentence, that dictated White's ineligibility in the present case.

¶19     In short, White has not met his heavy burden of demonstrating that the circuit court erroneously exercised its sentencing discretion or that a new factor exists warranting sentence modification.  Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.