STATE, Plaintiff in error, v. GIBBONS, Defendant in error.

*No. 75–130–CR. Motion submitted November 4, 1975.—*
*Decided January 6, 1976.*
(Also reported in 237 N. W. 2d 33.)

For the plaintiff in error: *Bronson C. La Follette*, attorney general, and *William A. Platz*, assistant attorney general.

For the defendant in error: *Howard B. Eisenberg*, state public defender.

BEILFUSS, J. The public defender has moved to dismiss the writ of error or to summarily affirm the judgment of conviction and sentence. Under sec. 974.05 (1) (c), Stats., the state is permitted to appeal a "judgment and sentence . . . not authorized by law". "Judgment" is defined as an adjudication by the court that the defendant is guilty or not guilty. Sec. 967.02 (8). The state is not challenging the judgment in this case. As the public defender points out, a sentence is the means by which the court imposes a punishment or penalty provided by statute for the offense upon the person found guilty, as distinguished from probation, under which sentence is either withheld or its execution stayed. *Prue v. State* (1974), 63 Wis. 2d 109, 216 N. W. 2d 43. The public defender argues that the "condition" of this sentence is not part of the sentence at all, and hence not reviewable on a state appeal.

The attorney general relies on *State ex rel. Eastman v. Burke* (1965), 28 Wis. 2d 170, 136 N. W. 2d 297, in which the petitioner pleaded guilty to first degree murder in 1944 and was convicted and sentenced to life imprisonment. The conviction was vacated in 1964 and further proceedings ordered. He then pleaded guilty to second degree murder and received a sentence of not

less than fourteen nor more than twenty-five years. The trial court ordered that the time of imprisonment be reduced by the time the petitioner had served on his prior conviction. The department of public welfare did not release the prisoner when he was entitled thereto, based on the trial court's order, and he brought an original action for habeas corpus. In the course of deciding that the petitioner was entitled to his release, this court disapproved two opinions of the attorney general to the effect that the department could regard as surplusage a direction of the sentencing court that the defendant be given credit for time previously served for the same offense. We said:

"Can it be said that the trial court in performing its judicial function did not take into consideration the fact that credit for time served was to be given to the defendant in fixing the maximum of 25 years? We think not. Even if the direction and order of the trial court as to credit for time served was erroneous, it was not void and the State Department of Public Welfare may not disregard it. The state, and its agent, the department, should be left with the same remedies as any other litigant, namely rehearing at the trial court, or writ of error."

The *Eastman Case* is distinguishable because it involves an order which had the effect of limiting the amount of time petitioner was required to serve on his sentence. The "condition" in this case has no such effect. We are unwilling to consider it a true condition, because the court is not permitted to place conditions on a sentence. Conditions are authorized only in the case of probation. *See:* sec. 973.01 (1) and sec. 973.10 (1), Stats. Moreover, there is no indication by the trial court that the sentence was to be contingent on the "condition" imposed, and that failure of the department to observe the conditions would invalidate the sentence. Therefore, we conclude that the "condition" was nothing more than an

order and was not part of either the judgment or the sentence. For this reason, the writ of error must be dismissed.

Notwithstanding that the order was not appealable by the state, we have concluded that it should be reviewed by certiorari, because the question is whether the trial court was acting in excess of its jurisdiction in making the order. Because the record is before us on the writ of error, we will omit issuance of a writ of certiorari and will move on to the consideration of the case on the public defender's motion for summary disposition. Under the Wisconsin penal scheme, the department of health and social services is charged with the responsibility of running the state prison. Any claim of continuing control the trial court may have ceases when a defendant is sentenced and the sentence is executed. Prisoners are entitled to, and do, challenge the conditions of their confinement by appropriate writs such as habeas corpus. However, those conditions are not to be imposed initially by court order. The trial court in the instant case acted in excess of its jurisdiction in specifying by order the conditions of the defendant's confinement in the state prison.

The public defender argues the state has not preserved its right to review the order, because it did not move the trial court for reconsideration. A defendant is required to make a motion for modification of his sentence in order to preserve that question for review. *Korpela v. State* (1974), 63 Wis. 2d 697, 218 N. W. 2d 368. However, the standard on review of a sentence at the instance of the defendant is whether the trial court abused its discretion. *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. The legislature has not seen fit to allow the state a similar right of sentence review. Therefore, the same reasons for requiring the defendant to make a motion for modification of his sentence in the

trial court do not apply to the state. While the order in this case is not appealable, our certiorari review was not directed to an abuse of discretion on the part of the trial court. Therefore, the state was not required to move for reconsideration in order to preserve its right to review in this court.

*By the Court.*—Writ of error dismissed. Certiorari granted. The order of the county court phrased as a condition of defendant in error's sentence is vacated.