STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas G. SMITH, Defendant-Appellant.†

Court of Appeals

*Nos. 80–146–CR, 80–325–CR. Submitted on briefs October 10, 1980.
—Decided January 7, 1981.*
(Also reported in 302 N.W.2d 54.)

† Petition to review denied. CALLOW, J., took no part.

318

For the defendant-appellant the cause was submitted on the briefs of *Robert J. Paul,* deputy state public defender, and *Steven P. Weiss,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.    This is an appeal from a judgment of conviction of criminal damage to property[1] entered No-

[1] Sec. 943.01, Stats.

vember 29, 1979. Criminal damage to property is a misdemeanor.

The procedural history of this case is convoluted. On November 28, 1979, defendant pled guilty to a charge of criminal damage to property. The charge grew out of an incident where defendant broke two plate glass windows and a sign at a tavern in the City of Shullsburg. The trial court sentenced defendant to the maximum jail term of nine months. The court then stayed execution of the sentence and placed defendant on probation for two years and imposed the following conditions of probation: (1) confinement in the county jail for six months during nonworking hours; (2) a fine of $200 plus court costs; (3) restitution to the tavern owner not to exceed $1,000; and (4) defendant's removal from Wisconsin for two years after serving the six-months confinement.[2]

On December 12, 1979, defendant filed a motion requesting an order staying execution of defendant's sentence and releasing him on bail "pending a determination of appeal or motion for postconviction relief." The trial court denied defendant's motion on the ground that no statutory or constitutional right to bail existed prior to the time defendant filed a notice of appeal. Defendant petitioned this court for leave to appeal the denial of his motion[3] and asked that the determination of his petition and subsequent proceedings be heard by a three-judge panel.[4] Both requests were granted.

On January 29, 1980, the state petitioned the supreme court to bypass the court of appeals because the issue of when a convicted misdemeanant may seek release on bail pending appeal has statewide public significance, had not previously been decided, and involved a question

[2] This fourth condition was rescinded by the trial court on February 8, 1980.

[3] Sec. 808.03(2), Stats.

[4] Rule 809.41.

that the supreme court would probably be asked to resolve. The petition was denied on February 6, 1980.

On February 18, 1980, defendant filed a notice of appeal.

On February 19, 1980, we granted defendant's petition that he be released on bail under the authority given us by sec. 969.01(2)(d), Stats., which reads: "The supreme court or a justice thereof or the court of appeals or a judge thereof may allow bail after conviction."

On September 30, 1980, we certified this case to the supreme court because the issue of when a convicted misdemeanant is entitled to bail would be presented to the supreme court no matter how it is resolved by the court of appeals. On October 20, 1980 the supreme court declined to take jurisdiction.

*Bail*

Bail after conviction is addressed by both a statute and a supreme court rule. Section 969.01(2), Stats., provides in part:

(a) Release pursuant to s. 969.02 or 969.03 may be allowed in the discretion of the trial court after conviction and prior to sentencing or the granting of probation.

(b) In misdemeanors, bail *shall* be allowed *upon appeal.*

(c) In felonies, bail may be allowed upon appeal in the discretion of the trial court.

(d) The supreme court or a justice thereof or the court of appeals or a judge thereof may allow bail after conviction. (Emphasis added.)

Rule 809.31, provides:

A defendant convicted of a felony who is seeking relief from a conviction and sentence of imprisonment and who seeks release on bond pending a determination of a motion or appeal shall file in the trial court a motion seeking release.

Rule 809.40 makes Rule 809.31 applicable to misdemeanor appeals.

Defendant argues that Rule 809.30(1)(c) and (d), read together with Rule 809.31 and sec. 969.01(2), Stats., entitles convicted misdemeanants to bail upon writing to the office of the state public defender and requesting appellate counsel. Rule 809.30(1)(c) and (d) provides:

(c) If the defendant claims or appears to be indigent and wishes to have publicly compensated counsel to represent the defendant in seeking postconviction relief, the defendant shall notify the state public defender within 45 days of the date of sentencing or imposition of fine or probation. The state public defender shall determine the defendant's indigency and appoint counsel as provided in chapter 977, and at the same time shall request the court reporter to prepare the transcript of notes of the proceedings in the case.

(d) A defendant who desires to appeal or seek other postconviction relief without counsel or with retained counsel shall order a transcript of the reporter's notes within 45 days of sentencing or imposition of a fine or probation.

Defendant argues that the only conclusion which can be reached in accord with the rules is that the phrase "upon appeal" in sec. 969.01(2)(b), must mean when the defendant notifies the public defender under Rule 809.30(1)(c) or orders transcripts under Rule 809.30 (1)(d).

"It is beyond question that before the court may review matters outside the statutory language in order to determine the meaning intended by the legislature, the statute itself must reveal some ambiguity." *State v. Kenyon,* 85 Wis.2d 36, 49, 270 N.W.2d 160, 166 (1978). The term "upon appeal" found in sec. 969.01(2)(c), Stats., is not ambiguous. Section 808.01(1), Stats., provides: "'Appeal' means a review in an appellate court

by appeal or writ of error authorized by law of a judgment or order of a circuit or county court." An appeal does not exist when defendant begins to contemplate taking an appeal.

Rule 809.31 also uses the term "appeal." Had the supreme court intended the term appeal to mean more than "a review in an appellate court by appeal or writ of error authorized by law of a judgment or order of a circuit or county court," it could have so provided. The plain language of Rule 809.31 does not contemplate the result defendant seeks.

Rule 809.30 (b) (1) and (d) does not require bail to be set prior to a defendant filing a notice of appeal. That rule merely governs when a defendant who claims to be indigent must notify the public defender that he or she wishes postconviction representation; provides for public defender representation of indigent defendants; and governs when transcripts must be ordered. Though Rule 809.30(1) (b) and (d) is not at odds with defendant's belief that he is entitled to bail before filing a notice of appeal, it does not support that theory.

Defendant claims that he is denied equal protection of the laws because of the delay "built into the system where an indigent defendant must be represented on appeal by the state public defender." He cites no authority for this proposition, nor does the record contain any evidence that the delay suggested exists. We will not consider material *dehors* the record. *State v. Aderhold,* 91 Wis.2d 306, 314, 284 N.W.2d 108, 112 (Ct. App. 1979).

The availability of sec. 969.01(2) (d), Stats., to indigent and nonindigent misdemeanants in view of *State v. Whitty,* 86 Wis.2d 380, 272 N.W.2d 842 (1978), is not properly before us.

■ We therefore hold that a misdemeanant must file a notice of appeal to come within the purview of sec. 969.01

(2)(b), Stats. Defendant's arguments that it is better policy for this court to hold otherwise are cogent, but are better addressed to the rule-making function of the supreme court or to the legislature.

*Sentence*

Defendant contends that his sentence was excessive. ■ Sentencing is left to the discretion of the sentencing court. *State v. Stuhr,* 92 Wis.2d 46, 49, 284 N.W.2d 459, 460 (Ct. App. 1979). This is so because the sentencing court is in the best position to consider all of the relevant factors, including the opportunity to observe the defendant. *Cunningham v. State,* 76 Wis.2d 277, 280, 251 N.W.2d 65, 67 (1977). Our review of sentencing is "made in light of the strong policy against interference with the trial court's discretion in passing sentence." *State v. Killory,* 73 Wis.2d 400, 408, 243 N.W.2d 475, 481 (1976). The sentencing court, in imposing sentence, is presumed to have acted reasonably, and the burden is on defendant to show an unreasonable or unjustifiable basis in the record for the sentence. *Elias v. State,* 93 Wis.2d 278, 281–82, 286 N.W.2d 559, 560 (1980). This court will not substitute its preference for a particular sentence merely because we would have meted out a different sentence had we been in the sentencing court's position. *Cunningham,* 76 Wis.2d at 281, 251 N.W.2d at 67.

Our review of sentencing is limited to a two-step inquiry. We first determine whether the trial court properly exercised its discretion in imposing sentence. If we determine that it did, we next decide whether that discretion was abused by imposing an excessive sentence.

There must be evidence in the record that the trial court exercised discretion in imposing a sentence. *Mc-*

*Cleary v. State,* 49 Wis.2d 263, 277, 182 N.W.2d 512, 519 (1971).

Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards. *McCleary,* 49 Wis.2d at 277, 182 N.W.2d at 519.

In order for an appellate court to determine whether discretion has been exercised, the sentencing court is required to state its reasons for imposing the sentence chosen. *McCleary,* 49 Wis.2d at 281–82, 182 N.W.2d at 522.

We will remand for a new sentence or modify the sentence when "no discretion was exercised in the imposition of the sentence or the discretion was exercised without the underpinnings of an explained judicial reasoning process." *Cunningham,* 76 Wis.2d at 283, 251 N.W.2d at 68. However, if the record shows a process of reasoning based on legally relevant factors, the sentence will be upheld against an attack that the trial court failed to exercise its discretion. *Anderson v. State,* 76 Wis.2d 361, 364, 251 N.W.2d 768, 770 (1977).

The trial court exercised discretion in sentencing defendant. It considered the nature of the offense and the personal needs of defendant. It stated that restitution was a legitimate concern in this case. It considered the needs of the public to be free of criminal damage to property, and noted a rash of incidents of this sort in Shullsburg. It mentioned deterrence as a concern. It noted a read-in charge of disorderly conduct. The court stated:

The Court is satisfied such a sentence will serve not only your best interests in serving as a deterrent to

you from engaging in this type of activity in the future, but also as a deterrent to others, and also to serve the rights of the public to be protected from such activity.

Although other factors may be considered, the primary factors upon which a sentencing decision should be based are "the gravity of the offense, the character of the offender, and the need for protection of the public." *Elias,* 93 Wis.2d at 284, 286 N.W.2d at 561. The weight to be given to each factor is within the discretion of the sentencing judge. *Anderson,* 76 Wis.2d at 367, 251 N.W.2d at 771. Although all relevant factors must be considered, the sentence may be based on any one or more of the three primary factors. *Anderson,* 76 Wis.2d at 367, 251 N.W.2d at 771.

The court considered the relevant factors, placing great weight on the need to protect the public. Because the decision was reached in a rational fashion based on proper considerations, we will not disturb it.

Defendant contends the trial court abused its discretion by using probation as a tool to impose a penalty far more substantial than could have been imposed by a sentence alone. If that is true, defendant had available to him the option of refusing probation. In *Garski v. State,* 75 Wis.2d 62, 77, 248 N.W.2d 425, 433 (1977), the court said: "If the defendant finds the conditions of probation more onerous than the sentence which would have been imposed he can refuse the probation."

Defendant further contends that the nine-month sentence is an abuse of discretion in a run-of-the-mill criminal damage to property case. The case is more serious than defendant suggests. Defendant's probation agent investigated the incident and recommended that restitution be set at $966.64. Assuming the probation agent's calculations are correct, defendant came within $33.37

of committing a felony.[5]  The damage was caused by defendant wielding a long crescent wrench.  We cannot find that the nine-month sentence is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances," the abuse of discretion in sentencing test set out in *Ocanas v. State,* 70 Wis.2d 179, 185, 233 N.W.2d 457, 461 (1975).

*By the Court.*—Judgment affirmed.

---

[5] Section  943.01(2)(d), Stats., provides that if the property criminally damaged is reduced in value by more than $1,000, the defendant is guilty of a class D felony, punishable by a fine not to exceed $10,000 or a 5 year prison sentence, or both.  Sec. 939.50 (3)(d), Stats.