STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard Charles LYNCH, Defendant-Appellant.

Court of Appeals

No. 81–244–CR. Submitted on briefs September 8, 1981.—
Decided October 27, 1981.
(Also reported in 312 N.W.2d 871.)

For the appellant the cause was submitted on the briefs of *Ralph A. Kalal* and *Kalal & Habermehl* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Richard Lynch was convicted of second-degree sexual assault, sec. 940.225(2)(a), Stats., and operating a motor vehicle without owner's consent, sec.

943.23(1), Stats., on his plea of guilty.[1] He was sentenced July 24, 1980, to indeterminate terms of not more than eight years on the first conviction and not more than one year on the second, the sentences to run concurrently. Lynch's motion to modify the sentence on the grounds that it was "excessive and unduly harsh such as to constitute an abuse of discretion" was denied by the trial court.

Lynch argues that the trial court abused its discretion by sentencing him to a prison term without determining on the record that psychiatric or psychological treatment was available and would be provided in prison. He asserts that this is a violation of the constitutional prohibition of cruel and unusual punishment. The state argues that Lynch is not entitled to review of his sentence on this ground as of right because he did not present it in his motion to modify.[2] Lynch counters that the need for and availability of treatment was the main issue at his sentencing and that the issue was raised before the trial court by his allegation of abuse of discretion.

The allegation that the sentence was "excessive and unduly harsh such as to constitute an abuse of discretion" does not suggest on its face the issue Lynch is now raising. It appears instead to argue that the sentence was too long, an argument Lynch expressly disclaims.[3]

[1] Lynch, who was 17 at the time of the offense, was waived into adult court because of his age and the gravity of the offense. Testimony indicated that the victim was raped three times and left without her car or clothing.

[2] Appellant has not shown compelling circumstances that would entitle him to review without a motion before the trial court. *See, e.g., Stockwell v. State,* 59 Wis. 2d 21, 207 N.W.2d 883, 887 (1973); *Whitmore v. State,* 56 Wis. 2d 706, 717, 203 N.W.2d 56, 62 (1973).

[3] "Initially, it should be made patent what is not involved in this appeal. The defendant does not challenge his sentence as disproportionate to the severity of the offense or to other sentences imposed for similar offenses." Brief of appellant, at 5.

There is nothing in the record to indicate that Lynch clarified the point to the trial court, and there was no oral argument on the motion. The adoption of the rules of appellate procedure did not invalidate the admonition of *Spannuth v. State*, 70 Wis. 2d 362, 365, 234 N.W.2d 79, 81 (1975), that absent compelling circumstances, a motion to correct the sentence should be directed to the trial court before the sentence is challenged on appeal. A motion to modify that alleges a different abuse of discretion offers no opportunity for the trial court to correct the abuse now alleged. We doubt whether the abuse of discretion now alleged was clearly presented to the trial court. We resolve our doubt in favor of review in this case because it appears in the interest of justice to address the constitutional issue.

On review, we first determine whether the trial court exercised its discretion by engaging in a process of reasoning. *McCleary v. State*, 49 Wis. 2d 263, 281, 182 N.W. 2d 512, 519 (1971). Reasoning is evident in the sentencing transcript. The trial court examined the three basic factors relevant to sentencing, the gravity of the offense, the character of the offender, and the need for the protection of the public. *Cunningham v. State*, 76 Wis. 2d 277, 281, 251 N.W.2d 65, 67 (1977). The sentencing court noted the extreme seriousness of the offense and the deterrence value of incarceration as opposed to probation. The court reviewed the presentence reports of psychologists and concluded that, while Lynch needed treatment, it could not be certain whether treatment would be effective.[4] The court also expressed concern for the

---

[4] Reports from the Mendota Mental Health Center where Lynch was examined prior to sentencing indicated that he was not a sexual deviate. The trial court stated at sentencing that appellant was in need of some help for his antisocial behavior and aversion to authority. The presentence reports of clinical psychologists disagreed on whether appellant would benefit from counseling and other treatment at that time.

protection of the public from Lynch's serious antisocial behavior during the time of treatment. The weight to be given each factor is within the discretion of the trial court. The sentence may be based on any or all of the three primary factors after all relevant factors have been considered. *Anderson v. State,* 76 Wis. 2d 361, 367, 251 N.W.2d 768, 771 (1977); *State v. Smith,* 100 Wis. 2d 317, 325, 302 N.W.2d 54, 58 (Ct. App. 1981). The court placed greatest weight on protection of the public. This is entirely permissible. *Bastian v. State,* 54 Wis. 2d 240, 246, 194 N.W.2d 687, 690 (1972). The decision was reached in a rational fashion upon consideration of proper factors. Given the gravity of the offenses the sentence is not excessive, and we will not disturb it. *Smith,* 100 Wis. 2d at 325, 302 N.W.2d at 58.

Lynch contends that the trial court abused its discretion in imposing a prison sentence without determining on the record that appropriate psychiatric and psychological treatment would be provided there. The sentencing court has no jurisdiction to place conditions on a prison sentence. *State v. Gibbons,* 71 Wis. 2d 94, 98, 237 N.W.2d 33, 35 (1976). A defendant's need for specialized treatment is a factor for the trial court to consider when choosing a disposition for a convicted defendant, and the trial court may impose it as a condition of probation. See secs. 973.01(1) and 973.10(1), Stats. Once a prison term is selected, however, the trial court may not order specific treatment. Control over the care of prisoners is vested by statute in the Department of Health and Social Services. Section 46.03(6)(g), Stats; *Gibbons,* 71 Wis. 2d at 99, 237 N.W.2d at 36. The trial court in this case recognized that such an order would exceed its jurisdiction and did not include it in the written judgment of sentence.

The issue remains whether the failure of the trial court to determine on the record that treatment is available

before sentencing a defendant, whom it finds to be in need of treatment, is an abuse of discretion because it violates the constitutional proscription of cruel and unusual punishment.[5] Counsel for Lynch cites no Wisconsin cases directly in support of his position that such a finding is necessary, and we have found none.

The Supreme Court has held that "a deliberate indifference to serious medical needs of prisoners" results in a violation of the eighth amendment. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). This has been applied to deprivation of psychological or psychiatric treatment for serious mental disorders. *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 763 (3rd Cir. 1979); *Bowring v. Godwin,* 551 F.2d 44, 47 (4th Cir. 1977). These cases involve instances of deliberate indifference to "serious medical needs." The federal courts have developed a test for "serious medical need":

[An inmate] is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial. *Bowring,* 551 F.2d at 47.

Lynch has offered no evidence that his disorder is in this category,[6] nor does he allege that it has been deliberately ignored by prison personnel.

---

[5] U.S. CONST. amend. 8; WIS. CONST. art. I, § 6.

[6] The Alaska court adopted the test for serious medical need from *Bowring v. Godwin,* 551 F.2d 44 (4th Cir. 1977). *Rust v. State,* 582 P.2d 134, 143 (Alaska 1978).

The conclusion of the sentencing court that Lynch is "in need of help" does not satisfy this test. The psychologists who testified at sentencing did not conclude that Lynch's disorder was "serious." They were inconclusive on his curability and did not conclude that delay or denial of care would result in substantial harm to Lynch.

Only one of the cases cited by Lynch arose in the context of sentence review, *Rust v. State*, 582 P.2d 134 (Alaska 1978). Rust suffered from dyslexia, and the trial court had recommended treatment, which was allegedly not provided. The Alaska Supreme Court held that the ultimate responsibility for placement and treatment of prisoners was in the Division of Corrections, but noted that the trial court may make recommendations, such as for the prisoner's placement in a particular facility.[7] The Alaska court inquired into the defendant's allegations because he alleged abridgment of constitutional rights. It affirmed the sentencing court's denial of the motion for modification, but remanded for further proceedings so that the sentencing court could determine whether the failure of the Division of Corrections to provide treatment for Rust's dyslexia was a violation of Rust's eighth amendment rights, and thus an abuse of the executive discretion vested in the Division of Corrections, which may justify judicial interference.

Lynch has not alleged or shown an abuse of executive discretion. Lynch infers in his brief that the unavailability of psychological treatment in Wisconsin prisons is a matter of common knowledge. We decline to take judicial notice that such care is unavailable in the Wisconsin correctional system or impose a duty on sentencing court to do so.

The Constitution does not impose upon a trial court an affirmative duty to ascertain, on the record, the availability of a particular program of treatment before it

---

[7] The Alaska courts recognize that a prisoner is not entitled to placement in a particular program of rehabilitation and that it is not the sentencing court's function to classify a prisoner to a particular institution. *Rust*, 582 P.2d at 137; *Tritt v. State*, 625 P.2d 882, 888–89 (Alaska App. 1981).

sentences a defendant to a prison term. It is not an abuse of discretion to sentence a defendant to prison without making such a finding. The sentencing court considered the desirability of treatment for Lynch as part of its consideration of Lynch's character. The court did not abuse its discretion by sentencing Lynch to imprisonment, without making a finding on availability of treatment there, after giving greatest weight to the need for the public's protection. *Anderson,* 76 Wis. 2d at 367, 251 N.W.2d at 771; *Smith,* 100 Wis. 2d at 325, 302 N.W.2d at 58.

Our holding does not leave Lynch without a remedy if cruel and unusual punishment has occurred. Prisoners are entitled to challenge the conditions of their confinement by appropriate writs. *State v. Gibbons,* 71 Wis. 2d at 99, 237 N.W.2d at 36.

*By the Court.*—Judgment affirmed.