# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2021AP49-CR

Complete Title of Case:

**STATE OF WISCONSIN,**

        **PLAINTIFF-RESPONDENT,**

    **V.**

**RANDY L. BOLSTAD,**

    **DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | October 28, 2021 |
| Submitted on Briefs: | August 12, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Blanchard, P.J., Kloppenburg, and Graham, JJ. |
|     Concurred: | |
|     Dissented: | |

Appellant
ATTORNEYS:        On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas B. Aquino,* assistant state public defender of Madison.

Respondent
ATTORNEYS:        On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John W. Kellis,* assistant attorney general, and *Joshua L. Kaul*, attorney general.

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2021AP49-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF794

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

RANDY L. BOLSTAD,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for La Crosse County:  GLORIA L. DOYLE, Judge.  *Reversed and cause remanded with directions.*

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

¶1    KLOPPENBURG, J.  The circuit court sentenced Randy Bolstad, after revocation of his probation, to five years of initial confinement and two years of extended supervision for attempted robbery with threat of force.  Bolstad argues

that the circuit court erroneously exercised its discretion at sentencing by failing to consider the gravity of the underlying offense for which he received the probation disposition. We agree and, therefore, reverse and remand to the circuit court for resentencing.

## BACKGROUND

¶2 This case began with the filing of the criminal complaint in October 2016, which alleged the following facts. On October 18, 2016, A.S. reported to police that his uncle, Randy Bolstad, came to the front porch of his residence with a baseball bat and threatened to strike him with the bat unless he gave Bolstad all of the money he had with him. A.S. then left the residence after locking the door behind him and walked past Bolstad toward his vehicle. Bolstad followed him away from the residence while swinging the baseball bat in the air, but Bolstad did not swing the bat at him or any other person. Bolstad told A.S. that if he did not give Bolstad his money, Bolstad would damage his vehicle. A.S. told Bolstad that if Bolstad did not leave, he would be forced to call the police. Bolstad then got on a bicycle and rode away, after which A.S. contacted law enforcement. A.S. was afraid that Bolstad would injure him because Bolstad appeared to be under the influence of a narcotic or "messed up."

¶3 Bolstad was taken into custody and charged with attempted armed robbery with threat of force as a repeater.

¶4 In February 2017 Bolstad entered an *Alford* plea to an amended charge of attempted robbery with threat of force.[1] During the plea colloquy, the

---

[1] "An *Alford* plea is a guilty or no contest plea in which the defendant either maintains innocence or does not admit to the commission of the crime." *State v. Multaler*, 2002 WI 35, ¶4 n.4, 252 Wis. 2d 54, 643 N.W.2d 437; *see also North Carolina v. Alford*, 400 U.S. 25 (1970).

circuit court observed that Bolstad was then being treated for mental illness. Bolstad's counsel elaborated to the court that Bolstad has been diagnosed with schizophrenia and was struggling with managing his mental illness and substance use disorder. The court sentenced Bolstad to a three-year term of probation.[2]

¶5     In 2018, Bolstad's probation was revoked and in March 2019, a sentencing after revocation hearing was held, which is the focus of this appeal. Bolstad was sentenced to five years of initial confinement and two years of extended supervision.

¶6     Because the full scope of what the circuit court said at the sentencing hearing is central to the analysis that follows we reproduce the remarks in full, as slightly edited for clarity:

> So, Mr. Bolstad, this isn't really a happy day for me because two years ago on February 22nd of 2017, we had your plea and sentencing in this hearing, and, you know, we had sort of the reverse discussion, right? Mr. Bolstad, you can't keep going like this, Mr. Bolstad, you need to, you know, take some responsibility for your actions, Mr. Bolstad, you have these conditions. Do an AODA assessment, comply with the recommendations. Don't drink any alcohol or take controlled substances. Do random testing, don't go anywhere where drugs are used, don't contact the victim. Do anything else your [probation agent] tells you to do and pay your court costs and supervision fees. All you had to do [to] stay in the community was follow the rules for three years. No prison time.
>
> So at that time the Court really believed that despite your sort of lack of accountability, your lack of willingness to take responsibility for your actions[, y]ou could work with the Department of Correction for three years and never have to go to prison, okay? So today when I look at the case, I have to honestly say, you cannot be managed in this

---

[2] The February 2017 hearing also served as a sentencing after revocation for a 2015 case not at issue here.

community. []I think the Department of Corrections gave it a good run.

You can't blame the Department of Corrections that you did nothing, okay? You can get a sponsor on your own, you can go to counseling on your own, you can find your own healthy support system, you can engage in prosocial activities. You can go fishing instead of committing new crimes, you can, you know, volunteer at a homeless shelter, volunteer at a food pantry, or do a lot of other things to keep yourself out of trouble and you can seek your own mental health. You are not helpless, okay? You have the ability to help yourself, okay?

And I say that because when you get out of prison, you are going to have to do those things again. You don't get a baby sitter, especially when you rejected the Department of Corrections' help, okay?

There's no more baby sitters, there is no more, we'll hold your hand while you do everything. You are going to have to, you know, become a little better at being an adult.

At this point, you can't be managed in the community. We tried that on probation. You had, you know, 89 days credit back then and now you are up to 559 days credit because you have been incarcerated for so long during this probationary period.

I think the Department of Corrections looked at this, looked at everything else possible to do with you and decided there weren't any alternatives, so, I am left with sentencing you on the crime that I sentenced you on two years ago. At that time I thought you could be managed in the community. You have proven you cannot. So, I am going to sentence you to seven years in the Wisconsin State Prison System, five years of initial confinement and two years of extended supervision time.

I recognize the State was asking for more than that on extended supervision, but, frankly, I can only hope that you are a better candidate when you are released than you are right now for—you have been previously for extended supervision[, i]n other words, working with the Department of Corrections.

This [] judgment of conviction will indicate that you are entitled to 559 days credit. And the conditions of extended supervision will be that you cooperate with the Department of Corrections, do an alcohol and other drug

4

assessment, comply with any follow ups around that, consume no alcohol or controlled substances, subject yourself to random testing through the Department of Corrections, not be in any locations where drugs are being used or sold. We will continue the no contact with A.S. and continue at that time your payment of court costs and any Department of Corrections' supervision fees.

¶7 Bolstad filed a motion for postconviction relief, arguing that the circuit court erroneously exercised its discretion when it failed to consider the gravity of the underlying offense for which Bolstad was being sentenced and failed to explain why five years was "the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant," pursuant to **State v. Gallion**, 2004 WI 42, ¶44, 270 Wis. 2d 535, 678 N.W.2d 197.

¶8 The circuit court issued an order denying the postconviction motion, concluding that Bolstad's sentence "was neither unduly harsh nor unconscionable."[3]

¶9 Bolstad appeals.

---

[3] Bolstad argues that, in its order denying his motion for postconviction relief, the circuit court fails to address the grounds he asserted in his motion, including that the court erroneously exercised its discretion by failing to consider required sentencing factors. Bolstad also asserts that this court does not have jurisdiction to consider that order because it was issued after the 60-day statutory deadline and is thus considered a "nullity," and the State agrees. However, this court issued an order on February 17, 2021, retroactively extending the deadline for the circuit court to decide the motion to December 17, 2020, the day it was issued. Accordingly, the order denying Bolstad's motion for postconviction relief was not untimely and we do not consider the order a "nullity." As for Bolstad's argument that the circuit court's order fails to address the issues he raised in his motion, the State does not respond and, indeed, implicitly concedes that Bolstad is correct. We accept that concession that the order does not address the court's asserted failure to consider the gravity of the underlying offense. *See* **Schlieper v. DNR**, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) ("respondents cannot complain if propositions of appellants are taken as confessed which respondents do not undertake to refute."). Accordingly, we do not consider the order further and confine our analysis to the court's remarks at sentencing.

**DISCUSSION**

¶10     As stated, Bolstad argues that the circuit court erroneously exercised its discretion at his sentencing after revocation hearing by failing to consider the gravity of the underlying offense for which he was being sentenced.[4]   We first summarize the standard of review and general legal principles that govern sentencing decisions and the more specific legal principles that govern situations in which, as here, the circuit court does not explicitly identify a factor that it is required to consider.  We next apply those principles to the challenged sentencing decision here and conclude that the circuit court erroneously exercised its discretion by failing to consider one of the required factors, the gravity of the underlying offense, in a manner that is discernible in the record.  We then address and reject the State's arguments to the contrary.

**I.  Applicable Standard of Review and General Legal Principles**

¶11     "It is a well-settled principle of law that a circuit court exercises discretion at sentencing."  ***Gallion***, 270 Wis. 2d 535, ¶17.  "On appeal, review is

---

[4]  Bolstad raises two additional issues that we do not address, as we now explain.

First, Bolstad argues that the circuit court erroneously exercised its discretion by imposing the five-year maximum term of initial confinement without explaining why it was the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.  We do not address this argument because our conclusion that the court erroneously exercised its discretion by failing to consider the gravity of the underlying offense is dispositive.  *See **Barrows v. American Family Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

Second, Bolstad asserts that the circuit court failed at his initial sentencing in 2017 to consider the gravity of the offense.  The State does not dispute that point.  Instead, the State's only response is to state that Bolstad is not entitled to appellate review of the 2017 sentence because Bolstad did not appeal that sentence.  We need not address this issue, because even if we were to take into consideration the court's 2017 sentencing remarks, it would not change our analysis or conclusion here.

limited to determining if discretion was erroneously exercised." *Id.* "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary v. State*, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). "A circuit court erroneously exercises its discretion if it applies an improper legal standard …." *State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791.

¶12    "On review, in any instance where the exercise of discretion has been demonstrated, the appellate court follows a consistent and strong policy against interference with the discretion of the [circuit] court in passing sentence." *Gallion*, 270 Wis. 2d 535, ¶17 (quoted source and brackets omitted).

¶13    The application of sentencing standards must be set forth on the record in order to demonstrate the proper exercise of discretion. *Gallion*, 270 Wis. 2d 535, ¶¶8, 51; *see also McCleary*, 49 Wis. 2d at 281 ("requisite to a prima facie valid sentence is a statement by the [circuit court] judge detailing his [or her] reasons for selecting the particular sentence imposed."); *see also* WIS. STAT. § 973.017(10m)(a) (2019-20)[5] ("The court shall state the reasons for its sentencing decision and … shall do so in open court and on the record.").[6]

---

[5] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[6] WISCONSIN STAT. § 973.017(10m)(b) provides a limited exception to the on-the-record requirement, for the situation in which "the court determines that it is not in the interest of the defendant for it to state the reasons for its sentencing decision in the defendant's presence;" in those circumstances, "the court shall state the reasons for its sentencing decision in writing and include the written statement in the record." The circuit court here did not purport to make such a determination, and neither party argues that this exception applies here.

¶14    At sentencing the circuit court must consider three primary factors: (1) the protection of the public; (2) the gravity of the offense; and (3) the rehabilitative needs of the defendant. *State v. Salas Gayton*, 2016 WI 58, ¶22, 370 Wis. 2d 264, 882 N.W.2d 459; *see also* *Gallion*, 270 Wis. 2d 535, ¶40 n.10. This requirement is codified in WIS. STAT. § 973.017(2):

> (2) General requirement. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:
>
> (ad)  The protection of the public.
>
> (ag)  The gravity of the offense.
>
> (ak)  The rehabilitative needs of the defendant.
>
> (b) Any applicable mitigating factors and any applicable aggravating factors, including the aggravating factors specified in subs. (3) to (8).

We will generally refer to each of the three factors identified in WIS. STAT. § 973.017(2)(ad)-(ak) as a required factor.

¶15    "The weight to be given each factor is within the discretion of the [circuit] court. The sentence may be based on any or all of the three [required] factors after all … have been considered." *State v. Wickstrom*, 118 Wis. 2d 339, 355, 348 N.W.2d 183 (Ct. App. 1984).

¶16    "How much explanation is necessary, of course, will vary from case to case." *Gallion*, 270 Wis. 2d 535, ¶39. Requiring explanation of the sentence imposed "is not intended to be a semantic trap for circuit courts. It is also not intended to be a call for … 'magic words.'" *Id.*, ¶49. "Proper sentencing discretion can exist without [explicitly identifying the] sentencing factors; what is required is a *consideration* of the sentencing factors." *State v. Wegner*, 2000 WI App 231, ¶7,

239 Wis. 2d 96, 619 N.W.2d 289. "[T]he requirement of an on-the-record explanation will serve to fulfill the **McCleary** mandate that discretion of a sentencing judge be exercised on a 'rational and explainable basis.' This will assist appellate courts in determining whether the circuit court properly exercised its discretion." **Gallion**, 270 Wis. 2d 535, ¶49 (quoting **McCleary**, 49 Wis. 2d at 276). On review, "appellate courts are required to … closely scrutinize the record to ensure that 'discretion was in fact exercised and the basis of that exercise of discretion [is] set forth.'" **Gallion**, 270 Wis. 2d 535, ¶4 (quoting **McCleary**, 49 Wis. 2d at 277).

## II. Appellate Review of Record Under *McCleary* and *Gallion* When Required Factor Is Not Explicitly Identified

¶17 This appeal concerns the mandate, expressed in both **McCleary** and **Gallion**, that we search the record to determine whether the circuit court's consideration of required factors is discernible in the record. *See McCleary*, 49 Wis. 2d at 281-82; *Gallion*, 270 Wis. 2d 535, ¶4. Here, as discussed in greater detail below, the circuit court did not explicitly identify a required factor, the gravity of the offense, when it imposed sentence. To provide clarity as to both the circuit court's and the appellate court's duties in this situation under these two cases, we provide the following details of pertinent statements in **McCleary** and **Gallion**.

¶18 In **McCleary**, our supreme court set standards for both circuit courts sentencing defendants and appellate courts reviewing those sentencing decisions. **McCleary**, 49 Wis. 2d at 277-82. As discussed above, the circuit court must state on the record the facts on which it relies and its reasons for choosing the imposed sentence in light of its consideration of the three required factors: the protection of the public; the gravity of the offense; and the rehabilitative needs of the defendant.

*Id.* at 276, 281. The circuit court's reasons must be supported by facts that "are fairly inferable from the record." *Id.* at 281.

¶19 On review, the appellate court may not substitute its judgment for that of the circuit court but determines only whether "there is evidence that discretion was properly exercised, and the sentence imposed was the product of that discretion." *Id.* When the circuit court has not explicitly identified any of the three required factors that it used in exercising its discretion, the appellate court must search the record to determine whether the circuit court considered each of the required factors in its "exercise of *proper* discretion." *Id.* at 282 (emphasis added).

¶20 In *Gallion* our supreme court addressed the application of the standards set forth in *McCleary*. *Gallion*, 270 Wis. 2d 535, ¶26. The court observed that there had been a "disconnect" between the *McCleary* principles as they were stated in *McCleary* and those principles as they were being applied by sentencing and appellate courts, resulting in a "more mechanical form of sentencing" and the court acting as a "rubber stamp" for sentences upon appellate review. *Gallion*, 270 Wis. 2d 535, ¶26 & n.7. More specifically, the *Gallion* court was concerned about what had become a common scenario, in which the circuit court would explicitly identify each of the required factors at sentencing, but the record contained no indication that the court actually considered those factors when imposing sentence. *Id.*, ¶¶26, 37.

¶21 As the *Gallion* court explained, the standards set forth in *McCleary* had been "eroded" because appellate courts were accepting "magic words" and "implied reasoning rather than requiring an on-the-record explanation for the particular sentence imposed." *Id.*, ¶¶37, 50. The *Gallion* court explained that "more" is required. *Id.*, ¶37. According to the court in *Gallion*, proper adherence

to the *McCleary* principles requires an on-the-record explanation of the sentencing court's consideration of the required factors, *Gallion*, 270 Wis. 2d 535, ¶¶37-38, and a more exacting scrutiny of the record by the appellate court to determine a discernible basis for the circuit court's exercise of discretion, *id.*, ¶76.

¶22    The court in *Gallion* explained that it was not changing the standards for determining and reviewing sentences established in "*McCleary* and its progeny." *Gallion*, 270 Wis. 2d 535, ¶¶37-38, 76.  Rather, the court examined "the process of reasoning which demonstrates the proper exercise of sentencing discretion," *id.*, ¶6, and clarified "the manner in which [the *McCleary* standards] are to be applied," *id.*, ¶38.  The court determined that those standards require appellate courts to "closely scrutinize the record to ensure that 'discretion was in fact exercised and the basis of that exercise of discretion is set forth.'"  *Id.*, ¶76 (quoting *McCleary*, 49 Wis. 2d at 277).  As the *Gallion* court emphasized, "[w]hat has previously been satisfied with implied rationale must now be set forth on the record."  *Id.*, ¶38.

¶23    This case presents a more extreme example of the problem addressed in *Gallion*.  Here, unlike the particular circumstance addressed in *Gallion*, the circuit court did not explicitly identify the gravity of the offense as a factor it was required to consider.  Nevertheless, the ultimate issue in this case is the same as that in *Gallion*, namely, whether the record of the sentencing hearing demonstrates that the circuit court considered the gravity factor.  *See id.*, ¶¶58-62 (reviewing the circuit court's sentencing remarks to determine whether the court's explanation of the sentence provided evidence of the court's consideration of the required sentencing factors); WIS. STAT. § 973.017(2), (10m) (requiring the circuit court to "consider" the three required factors and state on the record its reasons for its sentence).  Applying here the "set forth on the record" rule stated in *Gallion*, *id.*,

11

¶38, the absence of evidence in the record that the court considered the gravity factor would amount to an erroneous exercise of discretion.[7]

¶24 In sum, under both *McCleary* and *Gallion*, a sentence cannot be "sustainable as a proper discretionary act" if the circuit court failed to conduct the necessary "process of reasoning" based upon applicable legal standards. *McCleary*, 49 Wis. 2d at 282; *Gallion*, 270 Wis. 2d 535, ¶19 (quoting *McCleary*, 49 Wis. 2d at 277). On review, this precedent requires us to look to the sentencing record to determine whether the process of reasoning based on applicable legal standards, and necessary supporting facts, are discernible. *McCleary*, 49 Wis. 2d at 281-82; *Gallion*, 270 Wis. 2d 535, ¶76. As stated, the applicable legal standards require the circuit court to consider the three aforementioned factors when making a sentencing decision. Accordingly, in order to sustain a sentence as a proper discretionary act, the record must demonstrate that the required factors were considered.

### III. Analysis of Bolstad's Sentencing

¶25 The circuit court's sentencing remarks, quoted above in full, lack any reference whatsoever to the gravity of the underlying offense for which Bolstad was being sentenced. The court instead referenced the Department of Corrections' decision to revoke Bolstad's probation and said, "I am left with sentencing you on the crime that I sentenced you on two years ago." This statement was, at best, an implicit acknowledgement that the circuit court had some recollection of the particular crime to which Bolstad entered a plea. However, the circuit court did not

---

[7] We emphasize that *Gallion* does not require "magic words," that is, any particular terminology by the sentencing court. Here, if the circuit court's sentencing remarks demonstrated that it did consider the gravity of the offense, despite the court's failure to explicitly identify that factor, we would affirm the court's exercise of discretion. *State v. Gallion*, 2004 WI 42, ¶44, 270 Wis. 2d 535, 678 N.W.2d 197.

identify that crime, mention any facts relating to that crime, or refer in any way to the court's consideration of the gravity of his criminal conduct. To the extent that the court's reference to "the crime that I sentenced you on two years ago" may reflect an acknowledgment of the legal elements of that crime, that is not the same as considering the gravity of the offense. *See McCleary*, 49 Wis. 2d at 271 ("it is essential that a sentencing court consider the nature of the particular crime, i.e., the degree of culpability—distinguishable from the bare-bones legal elements of it.").[8]

¶26 A circuit court need not explicitly use the phrase "gravity of the offense" in order to meet the requirement of an on-the-record explanation of sentence. *See Gallion*, 270 Wis. 2d 535, ¶49. However, it must be discernible from the sentencing transcript that the court considered the required factors, including gravity of the offense. *See id.*, ¶58 (looking to the sentencing transcript to find evidence that the circuit court considered the three required factors); *State v. Odom*, 2006 WI App 145, ¶25, 294 Wis. 2d 844, 720 N.W.2d 695 (rejecting the defendant's argument that the circuit court did not properly consider the three required factors and stating, "[w]hile it is true that the [circuit] court did not explicitly *identify* the three factors, it clearly *discussed* the three [required] factors"); *State v. Loomis*, 2016 WI 68, ¶108, 371 Wis. 2d 235, 279, 881 N.W.2d 749, 771 (affirming the sentence because "[a] review of the sentencing transcript reveals that the circuit

---

[8] We note that the circuit court also remarked that at the time of the original sentencing it had determined that, "despite your sort of lack of accountability, your lack of willingness to take responsibility for your actions[, y]ou could work with the Department of Corrections for three years and never have to go to prison," but that Bolstad had since shown that "you cannot be managed in this community." To the extent that the remarks relating specifically to the original sentence reflect the court's recollection of its rationale for imposing probation then, there is nothing in these remarks that reflects the court's consideration of the gravity of the underlying offense as a topic distinct from *other* considerations that may have justified the original probation disposition. That is, we are unable to discern from these references to the original sentencing any consideration by the court of the gravity of the underlying criminal conduct. Moreover, the State, in referencing in its appellate briefing these same remarks by the circuit court, does not argue that they reflect consideration by the court of the gravity of the underlying offense.

court … addressed and discussed the gravity of the offense, the character and rehabilitative needs of the defendant, and the need to protect the public."). We see nothing in the record from which we can discern that the circuit court considered the gravity of the underlying offense here.

¶27 In sum, the law requires that the circuit court consider the gravity of the underlying offense and that such consideration be discernible in the record. Here, in the absence of any reference in the record to facts related to the underlying offense or any indication in the record that the circuit court considered the gravity of the underlying offense, we lack a sufficient basis to conclude that the court applied the correct legal standard. Accordingly, we must conclude based on *McCleary* and *Gallion* that the court erroneously exercised its discretion when sentencing Bolstad after revocation.

### IV. The State's Arguments

¶28 The State points to no language in the circuit court's remarks that shows that the court considered the gravity of the underlying offense. Rather, the State makes a series of circuitous sub-arguments that appear to be directed at the overarching argument that the record nonetheless demonstrates that the court considered the gravity of the underlying offense. We now address each aspect of this overarching argument as best we can discern it. Any aspect of the argument that we do not address is insufficiently developed and rejected on that basis. *See Wisconsin Conf. Bd. of Trs. of the United Methodist Church, Inc. v. Culver*, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (stating that we need not address arguments that are conclusory and insufficiently developed).

¶29 The State concedes that the circuit court must consider the gravity of the underlying offense when imposing sentence (although the State does not cite the

case law and statutory language referenced above that impose such a requirement) and that the court here did not reference the gravity factor by name. The State also, without citing any case law, but consistent with the case law we have cited above, states that the circuit court need not explicitly identify the gravity factor or explain how the facts fit that factor or specify how that factor "drove its sentence." The problem with this approach is that the State disregards the legal authority cited above, which establishes that the circuit court's *consideration* of that factor must be discernible in the record.

¶30 The State essentially switches the topic. It points to the "appropriate sentencing considerations" that *are* supported by the record, none of which include the gravity of the underlying offense. The State notes that the circuit court repeatedly referenced Bolstad's inability to manage his mental health and substance use disorder in the community and avoid "undesirable behavior," as well as his failure to take responsibility for his actions. The State then explains that these references show that the court considered "the need to protect the public, Bolstad's character, his criminal history, and his pattern of undesirable behavior in the community." Notably absent from these "appropriate sentencing considerations" is the required record evidence that the court considered the gravity of the underlying offense.

¶31 The State accurately notes that the circuit court determined that, in the State's words, "Bolstad could not be managed in the community" and the court "saw no other viable option" but to sentence him to prison. The State argues that "the court was entitled to base its sentence after revocation entirely upon the need to protect the public and Bolstad's negative character attributes." It is undisputed that the circuit court's ultimate weighing of the factors it considered may not be disturbed on appellate review. But the State points to nothing in the record to show,

15

contrary to our view of the record explained above, that the court considered the gravity of the underlying offense before it made its determination either to impose a prison sentence or to set the length of that prison sentence. Under the legal authority cited above, such consideration must precede the court's ultimate weighing of the factors in fashioning a sentence.

¶32 Moreover, the State misinterprets Bolstad's argument. The State contends that Bolstad argues that the circuit court should have accorded greater weight to the gravity of the underlying offense as a mitigating factor, and cites legal authority supporting the proposition that it is solely for the circuit court to weigh aggravating and mitigating factors. However, as Bolstad states in reply, the State confuses the court's obligation to consider the gravity of the offense factor with the court's discretion to determine its appropriate weight once considered.

¶33 The State also appears to argue that case law supports its position that the circuit court's demonstrated consideration of *some* appropriate sentencing considerations relieves this court of reviewing whether the record shows that the circuit court considered each of the required sentencing factors. Specifically, the State cites the following language from *Odom*, 294 Wis. 2d 844: "[t]he weight given each of [the required] factors lies within the [circuit] court's discretion, and the court may base the sentence on any or all of them." *Id.*, ¶7. But, this language does not change the circuit court's duty to *consider all* of the required sentencing factors before it determines the sentence. As we now explain, this language clarifies that it is only after such consideration that the circuit court may decide how to *weigh* the factors as a part of its exercise of discretion.

¶34 Later language in *Odom* expressly states that this weighing can occur only after all the required factors are considered: "*Gallion* did not change the

16

principle that the [circuit] court has the discretion to emphasize any of the sentencing factors *as long as it considers all the [required] factors.*" ***Id.*, ¶28** (emphasis added). Further context is provided by the case ***Odom*** cites for the language relied on by the State, ***State v. Wickstrom***, 118 Wis. 2d 339. In ***Wickstrom*** the court stated, "[t]he weight to be given each factor is within the discretion of the [circuit] court. The sentence may be based on any or all of the three primary factors *after all … have been considered.*" ***Wickstrom***, 118 Wis. 2d at 355 (emphasis added).

¶35 We also look to the case on which ***Wickstrom*** relied, ***State v. Lynch***, 105 Wis. 2d 164, 312 N.W.2d 871 (Ct. App. 1981), in which the court explained that it is "entirely permissible" for the court to place the greatest weight on the factor of protection of the public when it was evident in the sentencing transcript that "[t]he [circuit] court examined the three basic factors relevant to sentencing, the gravity of the offense, the character of the offender, and the need for the protection of the public." ***Id.*** at 167-68.

¶36 From the context that the additional language in ***Odom***, ***Wickstrom***, and ***Lynch*** provides, it is evident that the State's reliance on ***Odom*** is misplaced. To reiterate, the circuit court's *obligation* to consider a required factor on the record is distinct from the court's *discretion* to determine its appropriate weight once the court has considered all factors. While a court may, in the proper exercise of discretion, decide to give a required factor little or no weight, it may not decide to not consider a required factor at all. *See* WIS. STAT. § 973.017(2)(ag) ("the court *shall* consider … [t]he gravity of the offense." (emphasis added)).

¶37 The State asserts that "there is nothing to show that the circuit court actually failed to consider the gravity of Bolstad's criminal conduct," but this

17

assertion turns the legal standard on its head. As we have explained, the circuit court is required to consider the gravity of the offense at sentencing and we must be able to discern evidence of that consideration on the record; therefore, the question is whether there is something in the record that shows that the court here considered the gravity of the offense. *See* WIS. STAT. § 973.017(2), (10m); *Gallion*, 270 Wis. 2d 535. The failure of the circuit court to create a record that demonstrates its consideration of the required gravity factor matters because "the failure to exercise discretion (*discretion that is apparent from the record*) when discretion is required, constitutes an abuse of discretion."[9] *McCleary*, 49 Wis. 2d at 282 (emphasis added). It is precisely the absence in the record of any reference related to the gravity or the facts of the underlying criminal conduct that shows that the circuit court failed to consider the gravity of Bolstad's underlying offense as it was required to do, and erroneously exercised its discretion as a result.

¶38 The State also relies on the facts in the criminal complaint and the revocation summary in an effort to establish that the circuit court considered the gravity of the underlying offense. However, the State points to no part of the record showing that the court referenced either of those documents or considered their contents when determining Bolstad's sentence.

¶39 In the alternative, the State argues that, even if the circuit court erroneously exercised its discretion by failing to consider the gravity of the offense, Bolstad is not entitled to resentencing if "this Court can find from the facts of record that Bolstad's sentence is sustainable as a proper discretionary act." Specifically, the State points to the information contained in the criminal complaint and the

---

[9] *McCleary v. State*, 49 Wis. 2d 263, 182 N.W.2d 512 (1971), uses the phrase "abuse of discretion," which is a phrase we no longer employ. We now employ the phrase "erroneous exercise of discretion." *See State v. Alexander*, 2015 WI 6, 360 Wis. 2d 292, 858 N.W.2d 662.

revocation summary as a basis to affirm the sentence. The State cites *McCleary*, 49 Wis. 2d at 282, in support of this argument. However, the State fails to address the legal developments since *McCleary* in WIS. STAT. § 973.017(2) and (10m) and *Gallion*, which specifically mandate that the circuit court's consideration of the three required sentencing factors, including gravity of the offense, be reflected in the record. In addition, the State fails to cite any legal authority after *Gallion* that supports the proposition that we can affirm a sentence where the record fails to show that the court considered the gravity of the offense. In other words, the State does not explain how its argument survives *Gallion*'s pronouncement that appellate courts should not affirm a sentence based on implied reasoning, and its pronouncement that "[w]hat has previously been satisfied with implied rationale must now be set forth on the record." *Gallion*, 270 Wis. 2d 535, ¶38.

¶40    In sum, the circuit court had an obligation to consider the gravity of the underlying offense for which Bolstad was being sentenced in a way that is discernible in the record. Because the record lacks any indication that such consideration occurred, we lack a sufficient basis to conclude that the circuit court applied the proper legal standard and thus we must conclude that the court erroneously exercised its discretion in imposing Bolstad's sentence.

## CONCLUSION

¶41    For the reasons set forth above, we reverse and remand for resentencing.

*By the Court.*—Judgment and order reversed and cause remanded with directions.