COURT OF APPEALS
DECISION
DATED AND FILED

June 20, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP2075-CR**

Cir. Ct. No. 2019CF1610

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ELIJAH D. KEENE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Elijah D. Keene appeals a judgment convicting him of three counts of repeated sexual assault of a child (different victims).  He also appeals an order denying his motion for postconviction relief.  Keene argues that the circuit court erroneously exercised its sentencing discretion when it imposed an aggregate prison term of eighteen years of initial confinement and ten years of extended supervision.  We affirm.

¶2     Sentencing decisions are committed to the circuit court's discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197.  A circuit court properly exercises its discretion when its decision shows a process of reasoning that is based on the facts of record and proper legal standards.  *Id.*, ¶19. "The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant."  *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971) (citation omitted).

¶3     Keene contends that the circuit court erroneously exercised its sentencing discretion for two reasons.  First, Keene contends that the circuit court did not adequately explain why the sentence was the minimum amount of time necessary to effectuate the goals of its sentence.  Second, Keene contends that the circuit court incorrectly believed that a longer term of imprisonment would allow him to receive more treatment.  We reject both of these arguments.

¶4     Turning first to Keene's argument that the circuit court did not adequately explain why twenty-eight years of imprisonment was necessary to achieve its sentencing goals, *Gallion* explains that "the exercise of discretion does not lend itself to mathematical precision."  *Id.*, 270 Wis. 2d 535, ¶49.  As such, the circuit court is not required "to provide an explanation for the precise number of

years chosen." ***State v. Taylor***, 2006 WI 22, ¶30, 289 Wis. 2d 34, 710 N.W.2d 466. Here, the court considered a host of factors in imposing its sentence, including the need for punishment, specific deterrence, and the protection of the victims. The circuit court also addressed mitigating factors that applied in this case. The circuit court's lengthy sentencing decision is replete with its observations about the case and sets forth its detailed rational for imposing a lengthy period of incarceration. Therefore, we reject this argument.

¶5    We turn next to Keene's contention that the circuit court erroneously exercised its sentencing discretion because it stated that a lengthy sentence would allow Keene to receive necessary treatment and counseling. The circuit court explained:

> [A] lengthy period of initial confinement needs to be imposed, Mr. Keene, so that you can engage in the kind of intensive treatment that you need so that any mental health needs of yours can be addressed and treated and so that you can have treatment and counseling on how to have a healthy relationship with another person and how to live an emotionally and physically healthy life on your release.

Keene contends that this was an erroneous exercise of discretion because there is no directly proportional relationship between the length of confinement imposed and the amount of treatment he will receive. Rather, the Department of Corrections (DOC) limits the number of hours of sexual treatment to four thousand hours over two years regardless of the length of the sentence.

¶6    The sentencing decision shows that the circuit court considered Keene's need for treatment as only one in a series of factors that influenced the sentence it imposed, in accord with the mandate of ***Gallion*** and ***McCleary***. The circuit court stated that Keene's lengthy term of incarceration would allow him to engage in needed treatment and counseling, but the circuit court did not state it chose

the length of the sentence based *solely* on its desire to maximize the amount of treatment that Keene received. It is well established that supervision of the custody of prisoners is vested by statute in the DOC, and therefore a circuit court may not order the DOC to provide specific treatment. *See* WIS. STAT. § 301.03(2) (2021-22); *see also* **State v. Lynch**, 105 Wis. 2d 164, 168, 312 N.W.2d 871 (Ct. App. 1981). Based on our review of the circuit court's sentencing decision, we conclude that the circuit court did not erroneously exercise its sentencing discretion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).

4